# Exhibit B

PRIVILEGED & CONFIDENTIAL

February __, 2013

*By Hand*

Sherri Eccleston as Guardian of Taylor Eccleston
David Cohen as Guardian of Olivia and Dakota Cohen
Jerrold Rosen as Guardian of Alex and Drew Rosen

   Re: *Retainer Agreement*

Dear Ms. Eccleston, Mr. Cohen and Mr. Rosen ("You"):

   This letter reflects and confirms our agreement pursuant to which you have engaged Meth Law Offices, P.C. ("Meth"), Public Justice, P.C. ("Public Justice"), and the law firm of Emery Celli Brinckerhoff & Abady LLC ("ECBA") (collectively "Counsel") as counsel in the lawsuit captioned *Eccleston v. Pine Bush Central School District*, 12 Civ. 2303 (S.D.N.Y.) (the "Case"). This retainer agreement replaces any prior retainer agreements with Meth and/or Public Justice.

   1. The Scope of Our Work

   We want you to have a clear understanding of the legal services we will provide. Counsel will provide legal services to you only for the purpose of litigating the claims arising from the anti-Semitic discrimination, harassment, and bullying that Taylor, Olivia, Alex, and Drew have suffered while attending schools within Pine Bush Central School District. Legal representation and sponsorship in regard to any counterclaim(s) or other litigation must be separately agreed to and will depend on all of the factual and legal circumstances at the time as determined by Counsel. You understand that Counsel may recommend different attorneys to represent you in connection with any counterclaim(s) or separate litigation.

   2. Privileged Communications

   It is in your best interests to preserve the confidentiality of all communications between Counsel and you. If you disclose any communications between you and Counsel to third parties, you jeopardize the attorney-client privilege and perhaps other privileges. Therefore, we advise you not to disclose communications between you and Counsel, including this letter, to any third parties. Though e-mails to Counsel are privileged, we encourage you to avoid using your employer's computers, devices, or work-related e-mail accounts to communicate with Counsel. For e-mail communications with Counsel, we advise you to use a personal e-mail address.

   3. Attorneys' Fees and Costs

   You will have no responsibility for paying our attorneys' fees and costs incurred in this matter unless you prevail in the Case by settlement or judgment, except as described below. Attorneys' fees may include compensation for lawyer, paralegal, and other professional time incurred in this matter. Costs may include, without limitation, court costs, medical bills,

PRIVILEGED & CONFIDENTIAL

charges for photocopies, filing fees, postage, expert witness fees, stenographic and videotaping fees, long distance telephone calls, telefax, Westlaw and other research fees, staff overtime, messenger service, overnight mail, overtime meals, transportation and other disbursements. During the course of litigation on your behalf, Counsel will advance monies for such costs. You authorize us to incur all reasonable costs. At the conclusion of the case, reimbursement of such costs advanced by Counsel will be repaid to Counsel out of any recovery in this Case.

Counsel's fee with regard to this representation is to be the greater of (a) one-third of the total amount recovered for you in this Case, including both: (i) the gross amount of any award, judgment or settlement resolving the matter, plus (ii) any attorneys' fees which may be awarded and paid pursuant to statute, court order or settlement, or (b) any attorneys' fees which may be awarded pursuant to court order, or a non-lump sum settlement where fees are separately negotiated. For example, if plaintiffs receive a judgment of ($30,000 and the Court awards attorneys' fees of $6,000, counsel's fee will be one-third of ($30,000 + $6,000), or $12,000. As another example, if plaintiffs receive a judgment of $30,000 and the Court awards attorneys' fees of $30,000, counsel's fee will be $30,000 (which is greater than one-third of $30,000 + $30,000). As a third example, if the parties agree to a non-lump sum settlement of $30,000 to the plaintiffs, and $30,000 in attorneys' fees, counsel's fee will be $30,000. In the event of settlement, Counsel will first make a good faith effort to settle the fees separately.

4.    Consequences of Fee Waiver

In some cases, defendants will offer to settle a case if plaintiffs will waive their right to seek or collect attorneys' fees or costs from the defendants ("fee waiver"). However, Counsel have a strong policy interest in recovering attorneys' fees, because we depend in part upon the receipt of attorneys' fees awards as a source of income and so that we can continue to take cases like this one and assist future clients. Knowing this, you presently do not intend to accept any settlement conditioned on a partial or total fee waiver.

You have the right to change your mind later and agree to a settlement conditioned on a fee waiver (even though it is not your current intention to do so). If a settlement offer conditioned on a fee waiver is presented by the defendant(s), you will consult with Counsel before accepting or rejecting the offer, and you will accord significant weight, in making the decision, to the importance of attorneys' fees and costs in allowing Counsel to continue to provide legal services. If you nonetheless agree to a partial or total fee waiver, over the objection of Counsel, then you agree (a) to pay Counsel for our unpaid attorneys' fees and costs (based on our normal hourly rates, the number of hours we have expended in the Case, and the expenses we have incurred), and (b) that Counsel may seek to withdraw from our representation of you, subject to our obligations under applicable rules of professional conduct.

5.    Potential Responsibility for Costs

You understand that litigation involves the risk that the Case will not succeed. You also understand that, as a plaintiff, you may, under certain circumstances, be ordered by the court to pay for the opponents' litigation costs, in the event of an unfavorable outcome. You further understand that you are responsible for paying any fines, penalties, fees, costs, expenses or damages assessed against you personally, except where the award of fines, penalties, fees,

PRIVILEGED & CONFIDENTIAL.

costs, expenses or damages is the result of the conduct of Counsel.

6.     No Guarantee

You acknowledge that Counsel have made no promise or guarantee regarding the outcome of the Case and have advised you that litigation is risky in general, can take a long time, and can be very costly and frustrating.

7.     Client's Duty to Cooperate and Preserve Documents

You understand that the course litigation is frequently unpredictable and is sometimes characterized by long periods of inactivity and periods of intense activity.  You agree to be available to Counsel and to participate in all activities required to conduct the case in a professional and effective manner, including but not limited to locating witnesses, documents, and evidence; submitting to depositions and examinations; informing Counsel of any facts that may have a bearing on the case; promptly returning telephone calls and answering correspondence; and attending conferences and court dates as necessary.

You agree to preserve all documents relating to the case, including any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody, or control, for example:  memoranda, reports, letters, contracts, photographs, charts, audio or video recordings, drafts, electronic mail, other electronic material, or any other information recorded in any form or medium.  To the extent that you have a policy of deleting email or other material, you agree to suspend that policy with regard to materials relating to this case.

Counsel also urge you to exercise caution when using social networking websites such as Facebook or Myspace, as anything that you post on these sites can potentially be accessed by the defendant and used against You.

8.     Consent to Joint Representation

You understand that Counsel's representation of multiple parties in this Case may create a potential for a conflict between you regarding the conduct of the Case.   Counsel does not anticipate such a conflict at this time.  If such a conflict should arise in the future, you and Counsel will first seek to resolve the conflict informally.  If the conflict cannot be resolved informally, Counsel will abide by their duties and obligations under the Rules of Professional Responsibility, which may require withdrawal from the case.

9.     Confidentiality

Counsel's employees often act as assistants to the lawyers handling cases. Therefore, you authorize Counsel to divulge to their personnel any information which will better enable them to assist in litigating the Case.  Counsel's employees will maintain the confidence of any privileged attorney-client information they receive.

PRIVILEGED & CONFIDENTIAL

10.    Dispute Resolution

In the event of any dispute with Counsel over fees and/or costs, you will meet and confer with Counsel in a good faith effort to resolve the dispute through negotiation. If we are unable to resolve the dispute ourselves, you agree to attempt to resolve your dispute through a mediator and/or another mutually agreeable alternative dispute resolution procedure, with the costs of such alternative dispute resolution procedure to be divided equally among the disputing parties. You do not waive your right to sue over a fee or cost dispute, but agree to participate first in an alternative dispute resolution procedure in a good faith effort to avoid litigation.

11.    Client Approval of Retainer and Co-Counsel Agreement

Before signing this agreement and the co-counsel agreement, you have received and read both of them, been given an opportunity to ask questions, and understand the provisions in them. You have received signed copies to keep and refer to while being represented by Counsel. We advise you to have independent counsel review all aspects of this retainer; however, it is your decision as to whether you wish to do so.

12.    Entire Agreement

You have read this retainer agreement in its entirety and agree to and understand the terms and conditions set forth in this agreement. You acknowledge that there are no other terms or oral agreements existing between you and Counsel. This agreement may not be amended or modified in any way without the prior written consent of you and Counsel.

If this letter accurately sets forth your understanding, please sign on the line above your name and return the executed copy to Counsel.

ACCEPTED AND AGREED
Sherri Eccleston for T.E.
Dated: 2/19/13

Michael D. Meth
Meth Law Offices, PC

ACCEPTED AND AGREED
David Cohen for O.C. and D.C.
Dated: _____

Adele Kimmel
Public Justice, P.C.

ACCEPTED AND AGREED
Jerrold Rosen for A.R. and D.R.
Dated: 7-Feb-13

Ilann M. Maazel
Emery Celli Brinckerhoff & Abady LLP

Dakota Cohen
Eccleston, Cohen, and Rosen v. Pine Bush, et al Retainer Statement

Page 4 of 4

Drew Rosen
February 5, 2013

3/18/13

Alex Rosen
5-22-1_

PRIVILEGED & CONFIDENTIAL

February __, 2013

*By Hand*

Sherri Eccleston as Guardian of Taylor Eccleston
David Cohen as Guardian of Olivia and Dakota Cohen
Jerrold Rosen as Guardian of Alex and Drew Rosen

Re:   *Retainer Agreement*

Dear Ms. Eccleston, Mr. Cohen and Mr. Rosen ("You"):

This letter reflects and confirms our agreement pursuant to which you have engaged Meth Law Offices, P.C. ("Meth"), Public Justice, P.C. ("Public Justice"), and the law firm of Emery Celli Brinckerhoff & Abady LLC ("ECBA") (collectively "Counsel") as counsel in the lawsuit captioned *Eccleston v. Pine Bush Central School District*, 12 Civ. 2303 (S.D.N.Y.) (the "Case"). This retainer agreement replaces any prior retainer agreements with Meth and/or Public Justice.

1.   **The Scope of Our Work**

We want you to have a clear understanding of the legal services we will provide. Counsel will provide legal services to you only for the purpose of litigating the claims arising from the anti-Semitic discrimination, harassment, and bullying that Taylor, Olivia, Dakota, Alex, and Drew have suffered while attending schools within Pine Bush Central School District. Legal representation and sponsorship in regard to any counterclaim(s) or other litigation must be separately agreed to and will depend on all of the factual and legal circumstances at the time as determined by Counsel. You understand that Counsel may recommend different attorneys to represent you in connection with any counterclaim(s) or separate litigation.

2.   **Privileged Communications**

It is in your best interests to preserve the confidentiality of all communications between Counsel and you. If you disclose any communications between you and Counsel to third parties, you jeopardize the attorney-client privilege and perhaps other privileges. Therefore, we advise you not to disclose communications between you and Counsel, including this letter, to any third parties. Though e-mails to Counsel are privileged, we encourage you to avoid using your employer's computers, devices, or work-related e-mail accounts to communicate with Counsel. For e-mail communications with Counsel, we advise you to use a personal e-mail address.

3.   **Attorneys' Fees and Costs**

You will have no responsibility for paying our attorneys' fees and costs incurred in this matter unless you prevail in the Case by settlement or judgment, except as described below. Attorneys' fees may include compensation for lawyer, paralegal, and other professional time incurred in this matter. Costs may include, without limitation, court costs, medical bills,

PRIVILEGED & CONFIDENTIAL

charges for photocopies, filing fees, postage, expert witness fees, stenographic and videotaping fees, long distance telephone calls, telefax, Westlaw and other research fees, staff overtime, messenger service, overnight mail, overtime meals, transportation and other disbursements. During the course of litigation on your behalf, Counsel will advance monies for such costs. You authorize us to incur all reasonable costs. At the conclusion of the case, reimbursement of such costs advanced by Counsel will be repaid to Counsel out of any recovery in this Case.

Counsel's fee with regard to this representation is to be the greater of (a) one-third of the total amount recovered for you in this Case, including both: (i) the gross amount of any award, judgment or settlement resolving the matter, plus (ii) any attorneys' fees which may be awarded and paid pursuant to statute, court order or settlement, or (b) any attorneys' fees which may be awarded pursuant to court order, or a non-lump sum settlement where fees are separately negotiated. For example, if plaintiffs receive a judgment of $30,000 and the Court awards attorneys' fees of $6,000, counsel's fee will be one-third of ($30,000 + $6,000), or $12,000. As another example, if plaintiffs receive a judgment of $30,000 and the Court awards attorneys' fees of $30,000, counsel's fee will be $30,000 (which is greater than one-third of $30,000 + $30,000). As a third example, if the parties agree to a non-lump sum settlement of $30,000 to the plaintiffs, and $30,000 in attorneys' fees, counsel's fee will be $30,000. In the event of settlement, Counsel will first make a good faith effort to settle the fees separately.

4.     **Consequences of Fee Waiver**

In some cases, defendants will offer to settle a case if plaintiffs will waive their right to seek or collect attorneys' fees or costs from the defendants ("fee waiver"). However, Counsel have a strong policy interest in recovering attorneys' fees, because we depend in part upon the receipt of attorneys' fees awards as a source of income and so that we can continue to take cases like this one and assist future clients. Knowing this, you presently do not intend to accept any settlement conditioned on a partial or total fee waiver.

You have the right to change your mind later and agree to a settlement conditioned on a fee waiver (even though it is not your current intention to do so). If a settlement offer conditioned on a fee waiver is presented by the defendant(s), you will consult with Counsel before accepting or rejecting the offer, and you will accord significant weight, in making the decision, to the importance of attorneys' fees and costs in allowing Counsel to continue to provide legal services. If you nonetheless agree to a partial or total fee waiver, over the objection of Counsel, then you agree (a) to pay Counsel for our unpaid attorneys' fees and costs (based on our normal hourly rates, the number of hours we have expended in the Case, and the expenses we have incurred), and (b) that Counsel may seek to withdraw from our representation of you, subject to our obligations under applicable rules of professional conduct.

5.     **Potential Responsibility for Costs**

You understand that litigation involves the risk that the Case will not succeed. You also understand that, as a plaintiff, you may, under certain circumstances, be ordered by the court to pay for the opponents' litigation costs, in the event of an unfavorable outcome. You further understand that you are responsible for paying any fines, penalties, fees, costs, expenses

PRIVILEGED & CONFIDENTIAL

or damages assessed against you personally, except where the award of fines, penalties, fees, costs, expenses or damages is the result of the conduct of Counsel.

### 6.     No Guarantee

You acknowledge that Counsel have made no promise or guarantee regarding the outcome of the Case and have advised you that litigation is risky in general, can take a long time, and can be very costly and frustrating.

### 7.     Client's Duty to Cooperate and Preserve Documents

You understand that the course litigation is frequently unpredictable and is sometimes characterized by long periods of inactivity and periods of intense activity.  You agree to be available to Counsel and to participate in all activities required to conduct the case in a professional and effective manner, including but not limited to locating witnesses, documents, and evidence; submitting to depositions and examinations; informing Counsel of any facts that may have a bearing on the case; promptly returning telephone calls and answering correspondence; and attending conferences and court dates as necessary.

You agree to preserve all documents relating to the case, including any written, recorded, or graphic material, whether prepared by you or any other person, that is in your possession, custody, or control, for example: memoranda, reports, letters, contracts, photographs, charts, audio or video recordings, drafts, electronic mail, other electronic material, or any other information recorded in any form or medium.  To the extent that you have a policy of deleting email or other material, you agree to suspend that policy with regard to materials relating to this case.

Counsel also urge you to exercise caution when using social networking websites such as Facebook or Myspace, as anything that you post on these sites can potentially be accessed by the defendant and used against You.

### 8.     Consent to Joint Representation

You understand that Counsel's representation of multiple parties in this Case may create a potential for a conflict between you regarding the conduct of the Case.  Counsel does not anticipate such a conflict at this time.  If such a conflict should arise in the future, you and Counsel will first seek to resolve the conflict informally.  If the conflict cannot be resolved informally, Counsel will abide by their duties and obligations under the Rules of Professional Responsibility, which may require withdrawal from the case.

### 9.     Confidentiality

Counsel's employees often act as assistants to the lawyers handling cases. Therefore, you authorize Counsel to divulge to their personnel any information which will better enable them to assist in litigating the Case.  Counsel's employees will maintain the confidence of any privileged attorney-client information they receive.

### 10.    Dispute Resolution

PRIVILEGED & CONFIDENTIAL

In the event of any dispute with Counsel over fees and/or costs, you will meet and confer with Counsel in a good faith effort to resolve the dispute through negotiation. If we are unable to resolve the dispute ourselves, you agree to attempt to resolve your dispute through a mediator and/or another mutually agreeable alternative dispute resolution procedure, with the costs of such alternative dispute resolution procedure to be divided equally among the disputing parties. You do not waive your right to sue over a fee or cost dispute, but agree to participate first in an alternative dispute resolution procedure in a good faith effort to avoid litigation.

11.     **Client Approval of Retainer and Co-Counsel Agreement**

Before signing this agreement and the co-counsel agreement, you have received and read both of them, been given an opportunity to ask questions, and understand the provisions in them. You have received signed copies to keep and refer to while being represented by Counsel. We advise you to have independent counsel review all aspects of this retainer; however, it is your decision as to whether you wish to do so.

12.     **Entire Agreement**

You have read this retainer agreement in its entirety and agree to and understand the terms and conditions set forth in this agreement. You acknowledge that there are no other terms or oral agreements existing between you and Counsel. This agreement may not be amended or modified in any way without the prior written consent of you and Counsel.

If this letter accurately sets forth your understanding, please sign on the line above your name and return the executed copy to Counsel.

PRIVILEGED & CONFIDENTIAL

Sincerely,

Ilann M. Maazel
Emery Celli Brinckerhoff & Abady LLP


Michael Meth
Meth Law Offices, P.C.


Adele Kimmel
Public Justice, P.C.


ACCEPTED AND AGREED
Sherri Eccleston for T.E.

Dated


ACCEPTED AND AGREED
David Cohen for O.C. and D.C.

Dated:


ACCEPTED AND AGREED
Jerrold Rosen for A.R. and D.R.

Dated

5