# Exhibit C

**Co-Counsel Agreement in Eccleston v. Pine Bush Central School District**

Meth Law Offices, P.C. ("Meth"), Public Justice, P.C. ("Public Justice"), and the law firm of Emery Celli Brinckerhoff & Abady LLC ("ECBA") (together the "Parties") agree to jointly pursue as co-counsel for plaintiffs Sherri Eccleston, as the parent of Taylor Eccleston, David Cohen, as the parent of Olivia and Dakota Cohen, and Jerry Rosen, as the parent of Alexander and Drew Rosen, the Case captioned *Eccleston v. Pine Bush Central School District*, 12 Civ. 2303 (S.D.N.Y.) (the Case").

1. **Division of Labor and Responsibilities.**

   a. **Cooperating Counsel.** Meth and ECBA will serve as Public Justice cooperating counsel in the Case. Meth and ECBA will be co-lead counsel at the trial court level and will be responsible for the day-to-day prosecution of the case. With the exception of preparing or opposing dispositive motions, for which Public Justice and ECBA will take primary research and briefing responsibility, Meth and ECBA will retain primary responsibility for the case, including research and briefing responsibilities, while the case is being litigated at the trial court level.

   b. **Public Justice.** Public Justice and its in-house counsel will provide consultation and advice in regard to the prosecution of the case, participate in key meetings and conferences at Public Justice's discretion, and will publicize the case as Public Justice-sponsored litigation. As stated above, Public Justice will work with ECBA to research and draft briefing for dispositive motions at the trial court level. To the extent reasonably possible, Public Justice's in-house counsel will be given the opportunity to review and comment on all other pleadings and briefs before they are filed with the court, except where agreed that such pre-filing review is not practical because of timing considerations. They will also be listed as co-counsel on all pleadings, served with copies of all papers sent and received, and consulted on all major strategic matters and ethical issues. Public Justice will also try to provide such other assistance as may be agreed from time to time. Public Justice, however, reserves the right to take on lead responsibility, including research, briefing and argument responsibilities, if the case proceeds to the appellate level, with ECBA and Meth as co-counsel. Neither Public Justice nor its in-house counsel will be obligated to perform tasks beyond those set forth above or otherwise specifically set forth in this agreement.

   c. **Litigation Decisions.** The Parties shall make their best efforts to jointly make all major litigation and strategic decisions in the Case. Counsel will work, to the extent possible, by consensus. In the event that consensus cannot be reached, final decisions on the matters for which consensus cannot be reached will be made by majority vote, with Meth, ECBA, and Public Justice, each having one vote.

2. **Costs.** Meth, ECBA, and Public Justice will each advance their own reasonable in-house costs in regard to the Case, *e.g.*, charges for photocopying, travel, telephone, fax, postage, *etc.* Meth and ECBA will advance all general costs of the litigation, including, but not limited to, filing fees, costs of service, investigation expenses, court reporters' fees, transcript fees, deposition costs, expert witness fees, etc.

3. **Reimbursement of Costs.** The Parties agree that, if the Case results in counsel receiving payment for attorneys' fees and/or costs from any source, any payment will be applied first to reimburse Meth, Public Justice, and ECBA for all out-of-pocket costs advanced in regard to the Case before any attorneys' fees are distributed.

4. **Attorneys' Fees for Civil Rights Claims.** Public Justice, ECBA, and Meth will seek to recover attorneys' fees for their work in the Case pursuant to applicable attorneys' fees award law. To facilitate recovery of attorneys' fees from the defendants, Public Justice, ECBA, and Meth will keep track of the time that they, their attorneys, and paralegals spend working on the Case by maintaining contemporaneous detailed records.

5. **Allocation of Attorneys' Fees and Costs Recovered.** Any attorneys' fees and costs recovered in the Case, whether by court order or settlement, will be allocated as follows:

   a. **Recovery of Attorneys' Fees and Costs by Settlement.** If fees and costs are recovered pursuant to a settlement, costs advanced by the Parties will be reimbursed first. If the settlement is not sufficient to recover all costs, it will be distributed *pro rata* among the Parties in proportion to each of their costs. If the settlement is sufficient to pay all costs, but not all fees, the remainder available for fees will be distributed among the Parties on a *pro rata* basis, calculated by the lodestar dollar amount of fees incurred by each Party (hourly rate times total hours). However, in no such event will Meth receive less than 15% of the total attorneys' fees recovered. If Meth's *pro rata* share, based on his lodestar, would be less than 15% of the total attorneys' fees, Public Justice's and ECBA's shares will be reduced proportionally so Meth receives 15% of the total attorneys' fees recovered.

      i. For example, if the attorneys recover $1 million in attorneys' fees, Meth's lodestar is $125,000, Public Justice's lodestar is $75,000, and ECBA's lodestar is $300,000 (for a total lodestar of $500,000), then Meth will receive $250,000 in attorneys' fees, ($125,000/$500,000, *i.e.*, 25%, of $1 million), Public Justice will receive $150,000 in attorneys' fees, ($75,000/$500,000, *i.e.*, 15%, of $1 million), and ECBA will receive $600,000 in attorneys' fees, ($300,000/$500,000, *i.e.*, 60%, of $1 million).

      ii. As another example, if the attorneys recover $1 million in attorneys' fees, Meth's lodestar is $50,000, Public Justice's lodestar is $100,000, and ECBA's lodestar is $350,000, then Meth will receive $150,000 in attorneys' fees, (the floor of 15% of $1 million, which is greater than Meth's relative lodestar of $50,000/$500,000, or 10% of $1 million, or $100,000). In this example, Public Justice has $100,000/$500,000, *i.e.*,

20%, of the lodestar, and ECBA has $350,000/$500,000, *i.e.*, 70% of the lodestar. In this example, Public Justice and ECBA collectively have 90% of the lodestar. ECBA's share will therefore be reduced by 7/9 (70%/90%) of Meth's 5% ($50,000) gain, and Public Justice' share will be reduced by 2/9 (20%/90%) of Meth's 5% ($50,000) gain. Public Justice will receive $100,000/$500,000, or 20% of $ 1million (*i.e.*, $200,000), minus 2/9 of $50,000 (*i.e.*, $11,111), or $188,889. ECBA will receive $350,000/$500,000, or 70% of $1 million (*i.e.*, $700,000), minus 7/9 of $50,000 (*i.e.*, $38,889), or $661,111

iii. Each party will be responsible for keeping its/his accurate, contemporaneous time records, on which the Parties' lodestar determinations will be based. Meth's current hourly rate is $425 per hour, Public Justice attorney Adele Kimmel's current hourly rate is $600 per hour, and Public Justice attorney Adrian Alvarez's current hourly rate is $325. The current hourly rate for paralegals at Meth and ECBA is $150.00. ECBA's hourly rates for attorneys are set forth in this footnote.[1] It is further understood that Meth's, ECBA's, and Public Justice's hourly rates are subject to annual adjustment.

b. **Recovery of Attorneys' Fees and Costs by Court Award.** If the Parties seek to recover attorneys' fees and costs for their work in the Case through a court award, they will do so by way of a unified fee petition in accordance with attorneys' fee award law in civil rights litigation. The Parties will then recover a relative percentage of total attorneys' fees based on whatever amount of fees the court awards to each Party. Meth will not have a 15% floor in this circumstance.

i. For example, if the Court awards attorneys' fees of $100,000 to Meth, $100,000 to Public Justice, and $300,000 to ECBA, then Meth will receive 20%, Public Justice will receive 20%, and ECBA will receive 60% of whatever total attorneys' fees are recovered in the case, pursuant to the retainer agreements with the clients.

6. **Public Education.** Public Justice will be primarily responsible for publicizing the Case and the public interest issues it addresses. Meth and ECBA will cooperate fully with Public Justice in its public education efforts. All press releases will be issued and all press conferences will be arranged by Public Justice and, to the extent possible, must be approved in advance by Meth and ECBA. In all written and oral communications with the press about the case, Public Justice will mention Meth's and ECBA's involvement in the case and vice versa.

---

[1] ECBA's current hourly rates are as follows: $750 (Richard D. Emery); $600 (Andrew G. Celli, Jr., Matthew D. Brinckerhoff, Jonathan S. Abady and Earl S. Ward); $550 (Diane L. Houk); $525 (Ilann M. Maazel); $450 (O. Andrew F. Wilson, Katherine Rosenfeld and Elizabeth S. Saylor); $325-$375 (Associates).

7. **Termination.** Upon reasonable written notice to all other Parties, any Party may terminate its involvement in this case and its relationship with the client ("withdraw"), subject to attorney obligations under applicable rules of professional conduct. No Party to this agreement shall be involuntarily terminated from the co-counsel relationship absent good faith efforts to resolve differences or to repair the co-counsel relationship. In the event a Party chooses to withdraw from the case or is involuntarily terminated from the attorney-client relationship, that Party will retain its right to seek attorneys' fees and costs under applicable law and in accordance with this Agreement, unless the Parties agree otherwise.

8. **Dispute Resolution.** In the event of any cost or fee dispute between or among the Parties, the Parties will meet and confer in a good faith effort to resolve the dispute through negotiation. If they are unable to resolve the dispute by themselves, the Parties agree to attempt to resolve their dispute through a mediator and/or another mutually agreeable alternative dispute resolution procedure, with the costs of such alternative dispute resolution procedure to be divided equally among the disputing parties. The parties to this agreement do not waive their right to sue over a fee or cost dispute, but agree to participate first in an alternative dispute resolution procedure in a good faith effort to avoid litigation.

9. **Client Approval.** The clients must approve the allocation of attorneys' fees and costs pursuant to this Agreement. Approval is signified by the clients' signatures on the Retainer Agreement.

10. **Interpretation and Ratification.** This agreement was jointly and severally drafted by Public Justice, Meth, and ECBA and should be interpreted in that light. It may be ratified in separate counterparts.

11. **Amendments.** Additional Public Justice cooperating counsel may be added to this case, with the consent of the clients and the Parties to this Agreement, if the additional cooperating attorneys agree in writing to the terms set forth in this Agreement. Otherwise, this Agreement may only be amended by written agreement of the Parties to it.

12. **Replacement of Prior Agreement.** This co-counseling agreement replaces any prior co-counseling agreement between Meth and Public Justice, whether written or oral.

**MICHAEL METH, P.C.**

By: Michael Meth
February ___, 2013

**PUBLIC JUSTICE, P.C.**

Adele Kimmel

By: Adele Kimmel
February 28, 2013

**EMERY CELLI BRINCKERHOFF & ABADY LLP**

By: Ilann M. Maazel
February 25, 2013