USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/2026

EMERY CELLI BRINCKERHOFF ABADY WAI

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
VASUDHA TALLA
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
ALBERT HUBER[1]
LAURA S. KOKOTAILO
HAFSA S. MANSOOR
SANA MAYAT
ADAM NASSER
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

August 18, 2026

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr. United States Courthouse
300 Quarropas St., Chambers 533
White Plains, NY 10601-4150

*Re: T.E. v. Pine Bush Cent. Sch. Dist., 12-CV-2303(KMK)(PED)*

Your Honor:

We represented plaintiff T.E., whose name is Taylor Eccleston, in the above captioned matter. This case was settled in July 2015 after three years of litigation stemming from anti-Semitic bullying and harassment that T.E. faced at Pine Bush Central School District. Plaintiff's mother established an irrevocable *inter vivos* trust (the "Trust") to hold T.E.'s settlement funds. The Trust directed payment of $250,000 to T.E. when she reached the age of twenty-one and payment of the remaining funds to T.E. when she reached the age of twenty-five. Dkt. 149-6; Exhibit A to Declaration of Ilann Maazel ("Maazel Decl.") at ¶5. On July 10, 2015, after an infant compromise proceeding, this Court ordered the settlement agreement and approved the Trust. Dkt. 168; Exhibit B to Maazel Decl. at ¶¶1-2.

MEMO ENDORSED

***See* Pg. 2**

The Trust is in the sole custody of JP Morgan Chase ("Chase"). Plaintiff turned twenty-five years old in November 2022 and became entitled to the entirety of the settlement funds remaining in the Trust. Declaration of Taylor Eccleston ("Eccleston Decl.") at ¶4. After her mother passed in November 2024, Plaintiff contacted Chase to obtain her settlement funds. *Id.* at ¶6. Instead of promptly disbursing the funds as required by the Trust, Chase demanded that a successor trustee—Plaintiff's uncle—be added to the account prior to payment. *Id.* at ¶7; Maazel Decl. at ¶¶11-14. Plaintiff is estranged from her uncle who is hostile towards her and cannot be entrusted with her settlement funds. Eccleston Decl. at ¶9; Maazel Decl. at ¶13.

Plaintiff's counsel has repeatedly pressed Chase staff to release the funds to Plaintiff, citing her concerns about her uncle serving as a successor trustee with control over the Trust

[1] Albert Huber: admitted only in Florida.

account. Eccleston Decl. at ¶¶7-10; Maazel Decl. at ¶¶4-14. Plaintiff's counsel explained that Plaintiff was entitled to the funds after she turned twenty-five and provided Chase staff with a copy of the trust filed with the Court, the filed declaration by Plaintiff's mother laying out the terms of the trust, the Court order approving the trust, and a copy of the transcript of the infant compromise proceeding. Maazel Decl. at ¶¶4-5. Still, Chase staff refused to oblige, insisting that pursuant to Chase policy, the successor trustee must be added to the account before disbursing the funds. *Id.* at ¶¶11, 14. Plaintiff's counsel repeatedly explained that the only condition underlying the Trust (T.E.'s age) had been fulfilled and there was no barrier to promptly releasing the funds to her. *Id.* at ¶13. Counsel further requested to speak with the Chase legal team before making this application to the Court. *Id.* at ¶15. The Chase legal team did not respond. *Id.* at ¶16.

Payment to beneficiaries is required where the conditions underlying the trust are met. *See In re Alpert*, 129 A.D. 2d 444 (1st Dep't. 1987) (granting payment to the beneficiaries where the conditions of marriage or age were met); *In re Epstein*, 155 A.D. 3d 729 (2d Dep't. 2017) (same). Here, the only condition to release payment under the Trust is T.E. reaching the age of twenty-five. T.E. met that sole condition nearly four years ago. Her payment is now past due and must be disbursed.

Accordingly, this Court should order Chase to release the balance of the Trust funds to T.E. without the involvement of a successor trustee and enter the proposed Order attached as Exhibit C.

We are today serving a copy of this court filing upon John Doran at JP Morgan Chase, at the email listed below.

Sincerely,

/s/

Ilaan M. Maazel

c: John Doran
JP Morgan Chase
John.doran@jpmorgan.com

**The Court is in receipt of Plaintiff's letter motion seeking an order directing JP Morgan Chase ("Chase") to release the remaining balance of the settlement funds held in Plaintiff's irrevocable inter vivos trust (the "Trust"). (ECF No. 192.) Plaintiff represents that she became entitled to the remaining Trust funds upon reaching the age of twenty-five, but that Chase has declined to disburse those funds without the involvement of a successor trustee. (*Id.*)**

**Plaintiff is directed to file proof of service of her letter motion and all accompanying papers upon Chase by August 28, 2026. Chase shall respond to Plaintiff's letter motion no later than September 8, 2026. The parties are further directed to file all relevant documents governing the Trust by September 15, 2026. Chase shall also provide the Court with an accounting of the Trust, including the current balance and all relevant distributions and transactions, no later than September 30, 2026.**

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 192.**

**Dated: August 24, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge